HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

CADET MANUFACTURING COMPANY,

    Debtor.

_____

GRANITE STATE INSURANCE COMPANY,

    Appellant,

  v.

CADET MANUFACTURING COMPANY, et al.,

    Appellees.

USDC Case No. C06-5161 RBL

INTERNAL APPEAL NO. 06-T004

BANKRUPTCY NO. 99-30304

ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL

    This matter is before the court on Respondent Port of Vancouver's Motion to Dismiss Granite State Insurance Company's Appeal under Federal Rule of Bankruptcy Procedure 8011. [Dkt. #21]. The Port of Vancouver argues that Granite State's appeal is moot, primarily because it is practically and legally impossible to "unwind" the settlement which was approved by the Bankruptcy Court's March 16, 2006 Order.

    That Order, which is the subject of Granite State's appeal here, approved a settlement among the Port, Respondent Cadet Manufacturing, and two of Cadet's three excess insurers. Granite was not a party to the settlement. It sought a stay in the Bankruptcy Court. That request was denied, and Granite State

ORDER
Page - 1

did not seek a stay from this Court while its appeal was pending. Because the Order was not stayed, the transactions contemplated by it were consummated. Specifically, the Port purchased real property formerly owned and utilized by Cadet Manufacturing, Cadet used a portion of the sales proceeds to pay off various creditors, the settling insurers paid approximately $6.5 million to the Port, and the District Court[1] entered a Claims Bar Order precluding claims against the settling insurers.

The Port now argues the transactions cannot be unwound because they involve third parties and because they have been fully performed. Accordingly, they argue, this court cannot fashion effective relief and Granite State's appeal of the Order approving the settlement and the transactions is moot. The Port also argues that Granite State's failure to "diligently pursue" a stay equitably precludes it from challenging that Order on appeal.

Granite State responds that the Port is taking positions inconsistent with those it took below, including specifically its argument to the Bankruptcy Court in opposition to a Stay that Granite State's "only injury" was "monetary," and that such an injury could and should be resolved later. Thus, it argues, the Port should be judicially estopped from claiming now that the appeal is moot because effective relief cannot be fashioned.

Granite States also argues that the already-consummated transactions do not have to be unwound in order for it to obtain relief from the bankruptcy court's order. It argues that it has (or had) an equitable right of contribution against its fellow insurers on the same risk, and that the claims bar order unfairly jeopardized or eliminated those rights. It argues that its rights can "easily" be protected despite the transactions that have subsequently taken place, through an equitable set-off or judgment credit in its favor. It argues that this court can grant effective relief of this nature by requiring the bankruptcy court to make a "minor amendment" to its Order approving the Settlement Agreement, to include a set-off in favor of Granite State.

The Port responds that its "representations" to the bankruptcy court dealt with the continuing viability of the coverage defenses asserted by Granite State, and that it correctly argued that those defenses could be asserted despite the lack of a stay and the execution of the settlement agreement. The accuracy of

---

[1] *See Cadet Manufacturing v. American Insurance Co., et al.*, Cause No. C04-5411FDB, Dkt. #245. As will be discussed below, this case is still pending.

this position is demonstrated by the fact that the coverage litigation now pending in the Western District, before Judge Burgess, deals with those defenses.

Substantively, the Port argues that the relief Granite seeks here would contradict, and therefore require an amendment to, the Claims Bar Order entered by Judge Burgess. It also argues that the Claims Bar Order, and the arguments surrounding it, specifically contemplated that Granite State could argue in the coverage case the settling insurers "underpaid" and that the Port, and not Granite State, should absorb any shortfall. In other words, the parties and the District Court contemplated that any claims about Granite State's equitable share of any liability could and would be resolved in the coverage case.

The Court agrees with this latter point, and further concludes that it would be inappropriate for it, sitting as a bankruptcy appellate court, to weigh in on the resolution of the "set-off" issue that is being simultaneously litigated by Judge Burgess in District Court. For this reason, regardless of Granite State's ability or effort to obtain a stay of the Order approving the settlement agreement, the court concludes that it cannot fashion effective relief. Indeed, the relief sought – some protection for Granite State from having to absorb any shortfall in the payment by the settling insurers – has been preserved for resolution in the coverage case over which Judge Burgess is currently presiding.

Granite State's appeal of the underlying Order approving the Settlement is moot under Federal Rule of Bankruptcy Procedure 8011 and the Port's Motion to Dismiss the Appeal [Dkt. #21] is therefore GRANTED.

DATED this 15th day of September, 2006

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE